THE STATE OF OHIO, APPELLEE, *v.* HILL, APPELLANT.

(No. C-830682—Decided August 1, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Paul R. Markgraf* and *William L. Ranaghan,* for appellee.

*Herbert E. Freeman,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County, Ohio.

Appellant, Lionel Hill, and a co-defendant, O'Neal Hill, were jointly indicted on May 26, 1983, in a twenty-one count indictment, for aggravated robbery, a violation of R.C. 2911.01; robbery, a violation of R.C. 2911.02; and possession of a dangerous ordnance, a sawed-off shotgun, a violation of R.C. 2923.17.

Prior to trial, appellant filed a motion to suppress certain identification testimony stemming from a line-up in which appellant was required to appear on May 3, 1983, prior to his indictment on May 26, 1983. Appellant was without assistance of counsel at the time of the line-up. After a hearing, the trial court overruled appellant's motion.

The case proceeded to a jury trial following which appellant was found guilty of counts five and six of the indictment, the aggravated robberies of the. Bag O'Gold Shop and Mrs. Judith Laffer. Appellant was also found guilty of counts nine and ten of the indictment, the aggravated robberies of the Clark Oil Company and Ms. Lee Ann Rich. Appellant was sentenced to seven to twenty-five years on each of the aggravated robbery counts, for an aggregate indefinite sentence on twenty-eight to one hundred years, under R.C. 2929.11. Appellant was also sentenced to six years' actual incarceration for the use of a firearm in the perpetration of the offenses, under R.C. 2929.71. * * * *■

For his third assignment of error appellant alleges:

"The trial court erred to the prejudice of the defendant-appellant in sentencing him to a term of incarceration of 34-100 years."

The record reveals that appellant was sentenced to seven to twenty-five years incarceration on each of the aggravated robbery counts, in accordance with R.C. 2929.11(B)(1)(a). Therefore, appellant was sentenced to a total indefinite term of twenty-eight to one hundred years on the four aggravated robbery counts. Appellant was also sentenced to two three-year terms of actual incarceration pursuant to R.C. 2929.71 (B), which at the time of appellant's offenses provided:

"The Court shall impose a term of actual incarceration of three years in addition to imposing an indefinite term of imprisonment pursuant to section 2929. 11 of the Revised Code if the offender is convicted of, or pleads guilty to, a violation of division (A)(2) of section 2903.11 or 2903.12, division (A)(1) of section 2911.01, division (A)(2) of section 2911.11, or division (A)(3) of section 2917.02 of the Revised Code for which violation the use of a firearm, or the offender's having a firearm on or about his person or under his control, is an element of the offense. *The additional term of actual incarceration shall be served consecutively with, and prior to, the indefinite term of imprisonment. If an offender is convicted of, or pleads guilty to, two or more violations for which a term of actual incarceration must be imposed under this division, all of the terms of actual incarceration for all of the violations shall be served consecutively and prior to any of the indefinite terms of imprisonment imposed for the violations.*" (Emphasis added.)

R.C. 2929.41(E) provided:

"Consecutive terms of imprisonment imposed shall not exceed:

"* * *

"(2) An aggregate minimum term of fifteen years plus the sum of all additional terms of actual incarceration, when the consecutive terms imposed are imposed pursuant to section 2929.71 of the Revised Code;"

Appellant argues that the court erred in sentencing him to a minimum indefinite term which exceeds fifteen years. We agree. We hold that the trial court erred in sentencing appellant to twenty-eight to one hundred years incarceration. *State* v. *Wilson* (1978), 57 Ohio App. 2d 11 [11 O.O.3d 8]; *State* v. *Davis* (Sept. 7, 1976), Hamilton App. No. C-75536, unreported. R.C. 2929.41 (E)(2) limits the aggregate minimum term which can be imposed by the trial court to fifteen years *plus* all three-year terms of actual incarceration imposed pursuant to R.C. 2929.71. Therefore, appellant's minimum term of incarceration is the fifteen-year aggregate minimum indefinite term *plus* the six years' actual incarceration imposed pursuant to R.C. 2929.71, for a total of twenty-one years. Accordingly, the trial court's judgment must be modified so that the aggregate minimum indefinite term imposed is limited to fifteen years, in accordance with R.C. 2929.41(E)(2). * * *

Appellant's third assignment of error is well-taken and the judgment of the trial court is modified pursuant to App. R. 12(A) and in accordance with this decision. Further said judgment as modified is affirmed.

*Judgment affirmed as modified.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.